UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STATES RESOURCES CORP.,

       Plaintiff,

v.                              Case No. 8:13-cv-2015-T-33EAJ

LYNNE GOLDSMITH, ARNOLD
GOLDSMITH, and LJI, INC.,

       Defendants.

_____/

**ORDER**

This matter comes before the Court pursuant to Defendants Lynne Goldsmith, Arnold Goldsmith, and LJI, Inc.'s Motion to Dismiss (Doc. # 26), filed December 30, 2013. Plaintiff States Resources Corp. filed a Response in Opposition (Doc. # 27) on January 10, 2014. For the reasons that follow, the Court grants the Motion to Dismiss after finding that the requirements for diversity of citizenship have not been satisfied.

**I.    Background**

Plaintiff States Resources is a corporation organized under the laws of Iowa with its principal place of business in Nebraska. (Doc. # 25 at ¶ 1). Defendant Lynne Goldsmith is a citizen of Florida residing in Pasco County, Florida, and at all times relevant to this action, was the president

-1-

and sole shareholder of LJI, Inc. (Id. at ¶ 2).  Defendant
Arnold Goldsmith, Mrs. Goldsmith's husband, is also a citizen
of Florida residing in Pasco County, Florida. (Id. at ¶ 3).
Defendant LJI, Inc. is a dissolved for-profit corporation
which was incorporated under the laws of Florida and which
had its principal place of business in New Port Richey,
Florida. (Id. at ¶ 4).

On August 2, 2004, TEK-VEC, Inc., a now dissolved Florida
corporation of which Mrs. Goldsmith was the vice president,
executed and delivered a promissory note in the amount of
$242,858.63 ("the Note") to SunTrust Bank. (Id. at ¶ 8).  On
the same day, LJI, Inc. executed and delivered to SunTrust
Bank a mortgage to secure $75,000 of the Note ("the
Mortgage"), which mortgaged the real property owned by LJI,
Inc. located at 7734 Blackstone Drive, Port Richey, Florida
34668 ("the LJI Property"). (Id. at ¶ 9).  The LJI Property
was the sole asset of LJI, Inc., and was rented out as its
sole business. (Id.).  Mrs. Goldsmith also executed and
delivered a personal guaranty agreement ("the Guaranty") on
August 2, 2004, which unconditionally guaranteed payment of
the Note and all costs arising out of any breach of the Note,
to SunTrust Bank. (Id. at ¶ 10).

On May 19, 2005, States Resources was assigned all right, title, and interest in the Note, the Mortgage, and the Guaranty. (Id. at ¶ 11).  On December 1, 2006, after Mrs. Goldsmith and LJI, Inc. defaulted, States Resources brought suit in the Sixth Judicial Circuit in and for Pasco County, Florida, against LJI, Inc., TEK-VEK, Inc., John Denicola,[1] and Mrs. Goldsmith. (Id. at ¶ 12).  On May 8, 2007, the Pasco County Court entered a final summary judgment of foreclosure in the amount of $174,221.89 and set a June 13, 2007, sale date for the LJI Property. (Id. at ¶ 13).  Further, the Pasco County Court retained jurisdiction to enter writs of possession and a deficiency judgment. (Id.).

On June 13, 2007, Mr. Goldsmith paid States Resources $60,000 to cancel the foreclosure sale and release the lien on the LJI Property. (Id. at ¶ 14).  States Resources canceled the foreclosure sale, released the lien, and applied a $60,000 credit to the amount it was owed. (Id. at ¶ 15).  On September 20, 2007, the Pasco County Court entered a final summary judgment in favor of States Resources in the amount of $106,623.75 for the remaining amounts due under the Note and

---

[1] Denicola was a party to the Pasco County Court litigation, but is not a party to the instant action.

the Guaranty. (Id. at ¶ 16).  On November 5, 2007, the Pasco County Court awarded attorneys' fees to States Resources in the amount of $5,000, bringing the total amount owed to States Resources to $111,623.75. (Id. at ¶ 17).

In early 2011, States Resources learned through discovery in aid of execution that Mrs. Goldsmith held stock in LJI, Inc., individually, and that such stock was subject to execution. (Id. at ¶ 18).  The stock held value because LJI, Inc. owned and collected rental income from the LJI Property, which was now free and clear of States Resources's lien. (Id. at ¶ 19).  In an effort to collect on its deficiency judgment, States Resources sought possession of Mrs. Goldsmith's stock to assert an interest in the LJI Property and the stream of rental income. (Id. at ¶ 20).

On January 24, 2011, the Pasco County Court issued an Amended Writ of Execution and served it on Mrs. Goldsmith. (Id. at ¶ 21).  She was also served with a Demand for Levy of Stock requesting that she transfer possession of all shares of LJI, Inc. stock held in her name. (Id. at ¶ 22).  Mrs. Goldsmith failed to produce her stock certificates, and as a result, States Resources filed a Motion to Compel Turnover of Stock with the Pasco County Court on April 7, 2011. (Id. at ¶¶ 23-24).  On May 16, 2011, the Pasco County Court denied

-4-

the Motion, instructing States Resources's counsel that, before it would consider the Motion, States Resources first needed to depose Mrs. Goldsmith to seek information regarding the location of the LJI, Inc. stock. (Id. at ¶¶ 25-26).  The following day, LJI, Inc. through Mrs. Goldsmith executed a Warranty Deed transferring the LJI Property, LJI, Inc.'s sole asset, to Mr. Goldsmith, a non-judgment debtor. (Id. at ¶ 27).

On June 9, 2011, States Resources deposed Mrs. Goldsmith. (Id. at ¶ 28).  During the deposition, Mrs. Goldsmith testified that she was the president of LJI, Inc. but received no salary or compensation from LJI, Inc. and held no financial interest in the company. (Id. at ¶ 29). She further testified that LJI, Inc.'s purpose was to rent the LJI Property and that the LJI Property was the only property LJI, Inc. rented. (Id. at ¶ 30).  She also produced documents confirming that the LJI Property was indeed LJI, Inc.'s sole asset, that LJI, Inc. received monthly rental payments that were deposited into LJI, Inc.'s bank account, and that she owned all of the LJI, Inc. stock, despite her contention that she had no financial interest in LJI, Inc. (Id. at ¶ 31).

On August 2, 2013, States Resources filed its initial Complaint in this Court against the Goldsmiths as well as against LJI, Inc. (Doc. # 1).  On August 12, 2013, States Resources filed its Amended Complaint with this Court against the same Defendants containing the following counts: 18 U.S.C. § 1962(d) RICO civil conspiracy (Count I) and Florida common law civil conspiracy (Count II). (Doc. # 5).[2]  On September 3, 2013, Defendants filed a Motion to Dismiss the Amended Complaint and States Resources filed a Memorandum in Opposition on September 16, 2013. (Docs. ## 7-8).  This Court granted Defendants' Motion to Dismiss without prejudice on December 5, 2013, and permitted States Resources to file a Second Amended Complaint. (Doc. # 24). On December 20, 2013, States Resources filed its Second Amended Complaint seeking damages for intentionally fraudulent transfer (Count I); constructively fraudulent transfer (Count II); and Florida common law civil conspiracy (Count III). (Doc. # 25).

At this juncture, Defendants seek an Order dismissing the Second Amended Complaint for lack of subject matter

---

[2]  States Resources filed the Amended Complaint in response to this Court's August 6, 2013 Order directing States Resources to clarify its jurisdictional allegations. (Doc. # 4).

jurisdiction pursuant to Rule 12(b)(1), Fed. R. Civ. P.,
specifically on the grounds that the amount in controversy
fails to exceed the sum or value of $75,000, as required by
28 U.S.C. § 1332. Defendants also contend that all counts of
the Second Amended Complaint are subject to dismissal
pursuant to Rule 12(b)(6), Fed. R. Civ. P.

## II.   Legal Standard for Rule 12(b)(1)

Federal courts are courts of limited jurisdiction.
"[B]ecause a federal court is powerless to act beyond its
statutory grant of subject matter jurisdiction, a court must
zealously insure that jurisdiction exists over a case, and
should itself raise the question of subject matter
jurisdiction at any point in the litigation where a doubt
about jurisdiction arises." Smith v. GTE Corp., 236 F.3d
1292, 1299 (11th Cir. 2001).

Motions to dismiss for lack of subject matter
jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) may attack
jurisdiction facially or factually. Morrison v. Amway Corp.,
323 F.3d 920, 924 n.5 (11th Cir. 2003). When the
jurisdictional attack is factual, as in the instant case, the
Court may look outside the four corners of the complaint to
determine if jurisdiction exists. Eaton v. Dorchester Dev.,
Inc., 692 F.2d 727, 732 (11th Cir. 1982). In a factual

attack, the presumption of truthfulness afforded to a plaintiff under Fed. R. Civ. P. 12(b)(6) does not attach. Scarfo v. Ginsberg, 175 F.3d 957, 960 (11th Cir. 1999)(citing Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990)). Because the very power of the Court to hear the case is at issue in a Rule 12(b)(1) motion, the Court is free to weigh evidence outside the complaint. Eaton, 692 F.2d at 732.

28 U.S.C. § 1332 provides that district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states or countries. In this case, it is undisputed that the parties are of diverse citizenship. The only question is whether the amount in controversy exceeds the $75,000 jurisdictional threshold.

### III. Jurisdictional Analysis

Seeking dismissal, Defendants argue that the Complaint fails to allege facts, which, if proven, would demonstrate that the real property at issue, the LJI Property, is valued in excess of $75,000 or that States Resources has suffered damages in excess of $75,000. In response, States Resources contends that the amount in controversy is the full amount of its judgment against Mrs. Goldsmith ($111,623.75), not just the value of the property transferred. However, States

Resources failed to assert an amount in controversy in its Second Amended Complaint despite claiming that jurisdiction in this Court is proper. (Doc. # 25 at ¶ 5). States Resources simply alleged: "Jurisdiction is proper in the United States District Court pursuant to 28 U.S.C. § 1332 because SRC is a citizen of Nebraska and Lynne, Arnold and LJI are citizens of Florida," but never alleged an amount in controversy. (Id.).

States Resources referenced multiple values in its Second Amended Complaint including the following: August 2, 2004, Mortgage for LJI Property in the amount of $75,000 (Id. at ¶ 9); May 8, 2007, Pasco County Court judgment of foreclosure in the amount of $174,221.89 (Id. at ¶ 13); $60,000 paid by Mr. Goldsmith to States Resources to cancel the foreclosure sale of the LJI Property (Id. at ¶¶ 14-15); September 20, 2007, Pasco County Court judgment in favor of States Resources in the amount of $106,623.75 (Id. at ¶ 16; Ex. A); and November 5, 2007, Pasco County Court award of $5,000 in attorneys' fees to States Resources to bring the total amount owed to $111,623.75. (Id. at ¶ 17; Ex. B).

The fact that some of the values referenced in the factual background section of the Complaint exceed the jurisdictional amount is of no consequence to this Court. States Resources must provide a reasonable link between those

amounts and the relief it is seeking in this Court.  It has not done so.

Defendants produced documentation regarding the LJI Property, including supporting evidence of the $60,000 payment by Mr. Goldsmith to States Resources. (Doc. # 26). Defendants included two documents signed by Cory Butler[3]: (1) the June 19, 2007, Release of Property from Mortgage regarding the LJI Property (Id. at Ex. D) and (2) the July 11, 2007, Affidavit which included, among other statements, that "the parties agreed to cancel the subject foreclosure sale and to release the subject real property from Plaintiff's mortgage in exchange for payment of $60,000.00 which was received and credited on June 13, 2007." (Id. at Ex. E).  Defendants also indicate that the value of the LJI Property according to the Pasco County Property Appraiser is $28,141.00.

This Court has already permitted States Resources to amend its initial Complaint twice and is not persuaded by States Resources's mere reference to various values in excess of $75,000 as means of establishing that the jurisdictional

---

[3] Butler is not a party to this suit.  Butler signed the documents provided to this Court acting in his capacity as States Resources's Special Assets Account Officer.  (Doc. # 26 at Ex. D-E).

threshold has been satisfied.  The entry of the state court's final judgment in excess of $75,000 does not supply the present court with jurisdiction.  Due to the lack of evidence regarding the values of Mrs. Goldsmith's LJI, Inc. stock before the transfer of the LJI Property or the LJI Property itself other than the $60,000 paid for its release from lien and cancellation of foreclosure sale, this Court finds that the jurisdictional threshold has not been satisfied.  As it has been determined that the requisite amount in controversy for diversity jurisdiction has not been established, this Court grants Defendants' Motion to Dismiss.  The Second Amended Complaint is dismissed for lack of jurisdiction pursuant to Rule 12(b)(1), Fed. R. Civ. P.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1)  Defendants' Motion to Dismiss (Doc. # 26) is **GRANTED.** States Resources's Amended Complaint (Doc. # 25) is dismissed for lack of jurisdiction.

(2)  The Clerk is directed to close the case.

**DONE and ORDERED** in Chambers in Tampa, Florida, this 18th day of February, 2014.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: All Counsel of Record